IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Johanna Dickerson

      Plaintiff,                        No. CIV S-03-1972  CMK

      vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.                  ORDER

_____/

      Plaintiff, Johanna Dickenson, brings this action challenging a decision of the Commissioner denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI). Defendant has filed a motion to dismiss because plaintiff's complaint was not timely commenced under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). (Doc. 9.) As both parties has consented to magistrate jurisdiction, the motion is before the undersigned for decision. For the reasons reflected below, the defendant's motion (doc. 9) is DENIED.

      On June 6, 2003, the Appeals Council denied plaintiff's request for a review of the Administrative Law Judge's denial of her claim for DIB and SSI, making the Administrative Law Judge's decision the final decision of the Commissioner. Under section 205(g), a plaintiff must seek judicial review of a final decision of the Commissioner within sixty days of the receipt

of the decision. The date of receipt is presumed to be five days after the date of the notice of the final decision, unless there is a reasonable showing to the contrary made to the Appeals Council. 22 C.F.R. §§ 404.901 and 422. 210(c). Plaintiff is presumed to have received notice of the Commissioner's final decision on June 11, 2003, which required her to file a request for judicial review by August 10, 2003.

Defendant moves to dismiss on the grounds that, because plaintiff did not file her complaint in this court until September 22, 2005, her complaint should be dismissed pursuant to section 205(g)'s sixty-day period of limitation. Defendant contends that plaintiff cannot show any special circumstances to justify tolling the time limitation and that plaintiff did not request an extension of time to file a civil action. (Def.'s Mot. To Dismiss, Decl. of Paul D. Gould, at 4.)

In her response to the motion to dismiss, plaintiff states that she sent the Appeals Council, via certified mail, return receipt requested, a letter requesting an extension of time in which to file a civil action. Plaintiff has provided copies of the certified mail receipts. (Pl.'s Resp., Ex. A.) Plaintiff has not provided a copy of her request for an extension. Plaintiff states that she requested the extension because she was without an attorney. Plaintiff states that she never received a response from the Appeals Council. She subsequently retained her current counsel, and filed her appeal on September 22, 2003, approximately one month after the time limitation specified in section 205(g).

The court does not take failure to commence an action within the time period lightly. It is mindful that such time limitations serve to "move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." <u>Bowen v. City of New York</u>, 476 U.S. 467, 481 (1986). However, plaintiff has presented evidence to the court that, on July 16, 2005, she sent mail to the Appeals Council via certified mail, return receipt requested. Although plaintiff does not provide a copy of the item mailed to the Appeals Council, her attorney has stated under the penalty of perjury that what was mailed on July 16, 2005, was a

request for an extension of time to file a civil action. The record shows that plaintiff filed a civil action appealing the Commissioner's decision on September 22, 2003, which was approximately one month after the sixty day limit. The evidence of the certified mail receipt, plaintiff's counsel's statement that what plaintiff mailed was a request for an extension of time and the relatively short period of time between the sixty day time limit and the date plaintiff filed her appeal support her assertion that she did indeed seek an extension of time to file this action, as required by section 205(g).

For the foregoing reasons, IT IS ORDERED that:

1. Defendant's motion to dismiss (doc. 9) is denied and;

2. Defendant is directed to file an administrative record and an answer within sixty days from the service date of this order. For all future filings, the parties are directed to follow the scheduling order issued on September 22, 2003.

DATED: November 8, 2005.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

3